Kim R. Lepore (SBN 019130)
klepore@wrightlegal.net
Jamin S. Neil (SBN 026655)
jneil@wrightlegal.net
**WRIGHT, FINLAY & ZAK, LLP**
16427 N. Scottsdale Road, Suite 300
Scottsdale, Arizona 85254
Telephone: (602) 842-3368
Facsimile: (949) 608-9142

Attorneys for *Defendant/Counterclaimant* Seterus, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Scott and Bettyann Scott,<br><br>          Plaintiffs,<br><br>     vs.<br><br>Seterus, Inc.,<br><br>          Defendant. | Case No. 2:16-cv-04221-MHB<br><br>**JOINT PROPOSED DISCOVERY PLAN** |
| Seterus, Inc.,<br><br>          Counterclaimant,<br><br>     vs.<br><br>Edward Scott and Bettyann Scott,<br><br>          Counterdefendants. | |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("FRCP") and this Court's June 5, 2017 Order, *Defendant/Counterclaimant* Seterus, Inc. ("Seterus"), by and through its counsel undersigned, and *Plaintiffs/Counterdefendants* Edward Scott and Bettyann Scott (collectively, the "Scotts"), hereby respectfully submit this Joint Proposed Discovery Plan.

**1.     The Parties Attending the Rule 26(f) Meeting.**

Counsel for Seterus, Jamin S. Neil, and the Scotts attended the meeting and assisted in developing this Plan.

**2.    Nature of the Case and Description of Each Claim and Defense.**

**<u>Seterus' Statement of the Case</u>.**

On February 25, 2008, the Scotts executed a promissory note ("<u>Note</u>") in favor of JPMorgan Chase Bank, N.A. ("<u>Chase</u>") in the amount $324,000.00 secured by a deed of trust ("<u>Deed of Trust</u>")[1] encumbering the real property located at 3337 W King Drive, Phoenix, Arizona 85086.

On September 1, 2010, Chase and the Scotts modified the principal balance of the Loan to $357,986.91, of which $129,603.00 would be deferred and not bear interest ("<u>Alt Mod</u>").

On October 1, 2010, the servicing rights to the Loan transferred to Seterus.

On October 20, 2010, the beneficial interest in the Deed of Trust was assigned to Federal National Mortgage Association.

After transfer of the servicing rights to Seterus, the Scotts contended that the terms of the Alt Mod were not properly implemented by Chase or Seterus.

On April 4, 2011, the Scotts filed an action in Maricopa County Superior Court, State of Arizona, Case No. CV2011-052587 against Chase and Seterus to enforce the terms of the Alt Mod ("<u>2011 Lawsuit</u>").

In exchange for the Scotts' dismissal of the 2011 Lawsuit with prejudice, Seterus agreed to prepare a new modification of the Loan mirroring the terms of the Alt Mod.

On or about August 18, 2011, Seterus and the Scotts executed a Loan Modification Agreement erroneously modifying the principal balance of the Loan to $244,796.72 ("<u>Current Mod</u>").

The Scotts seek to enforce the terms of the Current Mod.

**<u>The Scotts' Statement of the Case</u>.**

The Scott's are not aware as stated above that "On October 20, 2010, the beneficial interest in the Deed of Trust was assigned to Federal National Mortgage Association" and believe this statement to be in error.  The Scott's are aware instead that Fannie Mae

---

[1] The Note and Deed of Trust are collectively referred to herein as the "Loan."

1  purchased the loan from Chase in 2008 and the referenced later assignment of beneficial
2  interest to Fannie Mae was actually an assignment to MERS as nominee for Fannie Mae, who
3  retained ownership of the loan and that assignment occurred on 11/12/2010 rather than
4  10/20/2010. Fannie Mae owned the loan before any loan modifications were executed and
5  continues to own the loan at present;

6  Instead of simply servicing the Alt Mod as demanded in the 2011 Lawsuit, or
7  "agreeing to prepare a new modification", Seterus insisted upon preparing a completely new
8  loan modification to replace and extinguish the Alt Mod because "that would be better for
9  both parties." Instead of copying terms from the Alt Mod Seterus said they would "work
10 backwards" from the Alt Mod using then current and much lower interest rates. This is what
11 allowed the deferred principal reduction and every other term in the final contract to be
12 improved. The Scott's agreed to drop all claims for additional monetary damages and dismiss
13 the 2011 Lawsuit with prejudice in exchange for these improved terms.

14 The Scott's do not agree the reduction in principal was "erroneous" or a mistake, or
15 that the Current Mod when executed failed to mirror the Alt Mod as intended, and, therefore,
16 Plaintiffs object to Defendant's use of the term "erroneously modifying."

17 The Scotts do not agree the amount in dispute is $113,190.19. The Scotts claim the
18 amount in dispute is deferred principal in the amount of $109,500.00.

19 **3.    Principal Factual and Legal Disputes.**
20 **Seterus' Position.**

21 **A.**    Whether Seterus' omission of $113,190.19 from the Loan's balance was due to
22 mistake and the Scotts knew of Seterus' mistake.

23 **B.**    Whether the Current Mod should be reformed to reflect the agreement of the
24 parties that it mirror the terms of the Alt Mod.

25 **C.**    Whether the Scotts were unjustly enriched in the amount of $113,190.19 due to
26 Seterus' mistaken omission of this amount from the Current Mod.

27 **The Scotts' Position.**
28 **A.**    Whether the plain language black and white terms of the Current Mod executed

nearly six years ago are a binding and enforceable contract;

  **B.**  Whether there is a mistake in the final contract as Defendant alleges;

  **C.**  Whether Seterus' alleged four-plus year delayed discovery of an alleged mistake is reasonable;

  **D.**  Whether Seterus committed consumer fraud and negligent misrepresentation when it represented the final terms were mathematically and legally correct, and thereby induced Plaintiffs to dismiss their claims with prejudice to their detriment in exchange for these terms;

  **E.**  Whether Seterus acted in good faith and fair dealing by collecting payments in conformance with the terms of the contract for over five years while hiding the fact they planned to expose an alleged additional balloon payment years later;

  **F.**  Whether Defendant's counterclaims are barred by their respective statutes of limitation and other matters of law.

**4.** **Jurisdictional Basis.**

  This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Specifically, Seterus is a Delaware corporation and the Scotts are Arizona residents. Further the amount in dispute is between approximately $109,500.00 and $113,190.19.

**5.** **Service of Parties.**

  To the Parties' knowledge, all parties have been served.

**6.** **Additional Parties to be Added.**

  None at this time.

**7.** **Contemplated Motions.**

  <u>**Seterus:**</u> Seterus may file a motion for summary judgment and, if the case proceeds to trial, motions in limine or motions under Rules 702-704 of the Federal Rules of Evidence.

  <u>**The Scotts:**</u> Plaintiffs contemplate filing a motion to dismiss Defendant's counterclaims, motions to compel discovery, a motion for summary judgment after the discovery phase if necessary, and motions in limine or motions under Rules 702-704 of the

1  Federal Rules of Evidence if the case proceeds to trial.

**8.    Related Cases.**

The Parties are unaware of any related cases.

**9.    Exchange of Initial Disclosures.**

The parties will exchange Initial Disclosures on or before July 24, 2017.

**10.   Necessary Discovery.**

    **A.    Extent, Nature and Location of Discovery.**

The Parties expect to exchange written discovery and take certain key depositions in the next three months. Most discovery will occur in Phoenix, Arizona.

    <u>**The Scotts:**</u>

Plaintiffs contemplate key depositions may need to be taken in Seattle, WA and Raleigh, NC in addition to Phoenix, AZ. Plaintiffs expect a minimum of 4 key depositions* and a maximum of 10 depositions including the following deponents:

1. Steven Bonfiglio*
2. "Ed White", a manager at JP Morgan Chase
3. Jeff Gautier, a manager at IBM Lender Business Process Services, Inc.
4. Person A – an unknown individual who calculated the Rescinded Mod and caused the first mistake
5. Person B* – an unknown individual who calculated the Current Mod and caused the alleged second mistake
6. Jason Solomon
7. Person C* – an unknown individual who was responsible for transferring the terms of the Current Mod into Seterus' billing systems and account records
8. Shayleen Catrell*
9. Joseph Spencer

    **B.    Suggested Changes to the Discovery Limitations Imposed by the FRCP.**

None at this time.

    **C.    Number of Hours for Each Deposition.**

As stated in the Federal Rules of Civil Procedure.

**11.   Issues Relating to Disclosure or Discovery of Electronically Stored Information.**

None at this time.

**12.   Issues Relating to Claims of Privilege or Work Product.**

None at this time.

**13.     Proposed Scheduling Order Deadlines.**

   **A.**     Deadline for the completion of fact discovery and disclosure pursuant to Rule 26(a)(3): **March 30, 2018**.

   **B.**     Dates for complete disclosure of expert testimony under Rule 26(a)(2)(A)-(E): **November 30, 2017.**

   **C.**     Deadline for completion of all expert depositions: **December 29, 2017.**

   **D.**     Deadline for filing dispositive motions: **April 27, 2018**.

   **E.**     Date by which the Parties will have engaged in good faith settlement discussions: **September 1, 2017.**

**14.     Jury Trial Request.**

The Scotts have requested a jury trial. This request is not contested.

**15.     Length of Trial.**

<u>**Seterus:**</u> Three trial days.

<u>**The Scotts:**</u> Ten trial days.

**16.     Prospects of Settlement.**

<u>**Seterus:**</u> The prospects for settlement appear to be positive. The parties were discussing settlement for several months after commencement of the action. The parties believe that referral to a settlement conference judge early in this case may resolve the issues.

<u>**The Scotts:**</u> The Scott's hope the prospects for settlement are positive but discussions over relatively minor details have dragged on for over 17 months thereby creating excessive legal costs for Plaintiffs, and reducing prospects for settlement as these costs continue to increase.

/./././
/./././
/./././
/./././
/./././
/./././

-6-     CASE NO. 2:16-cv-04221-MHB
**JOINT PROPOSED DISCOVERY PLAN**

17. **Other Matters that Will Aid in Resolution.**

None at this time.

**RESPECTFULLY SUBMITTED** this 29th day of June 2017.

WRIGHT, FINLAY & ZAK, LLP

_____
JAMIN S. NEIL
Attorneys for Defendant/Counterclaimant
Seterus, Inc.

_____
BETTYANN SCOTT

_____
EDWARD SCOTT

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of June 2017, I electronically transmitted the foregoing document and any attachments to the Office of the Clerk of the United States District Court using the CM/ECF System for filing and mailed a copy to the following:

Edward D. Scott
Bettyann Scott
3337 W. King Drive
Anthem, Arizona 85086
Plaintiffs/Counterdefendants

/s/ *Gretchen Grant*
GRETCHEN GRANT